UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN REECE,

              Petitioner,

     v.

MAGGIE MILLER-STOUT,

              Respondents.

CASE NO. C09-5520RJB/JRC

REPORT AND RECOMMENDATION

Noted for January 8, 2010

The underlying Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4. Petitioner is proceeding as a pauper. Petitioner is challenging the decision of the Indeterminate Sentence Review Board, ISRB, to add 36 months to his minimum term. After review of the entire file the court recommends the petition be DENIED.

Petitioner is currently serving a life sentence for a conviction in Clallam County Superior Court. He was found guilty of one count of first degree assault and one count of manslaughter. He received a life sentence for the assault and a 20-year maximum sentence for the manslaughter conviction (Dkt. # 17, Exhibit 1). He was previously under the jurisdiction of the ISRB, based on a prior manslaughter conviction that has now expired (Dkt. # 17, Exhibits 5).

REPORT AND RECOMMENDATION - 1

FACTS

The following facts are taken from the answer as petitioner did not file a traverse or object to the respondent's statement of facts:

The ISRB described Mr. Reece's crimes as follows:

> Mr. Reece has prior convictions as follows: He was convicted of Indecent Liberties in Illinois in 1953, where he was incarcerated for 3 years. In late 1959 he approached a home where a 24 year old woman was home with her children. He severed the phone lines and entered the home through a bedroom window. He confronted the woman with a knife and demanded money. She was beaten, loosening several teeth, causing lacerations, and she was raped during this incident. He then took her purse and her car and left the residence. He was paroled from this offense in January of 1970. Two to three months after he was paroled, he went to the home of an individual connected with the Jaycees organization who had been a parole sponsor in the community. He asked the member's obviously pregnant wife to use the telephone and once inside the house he attempted to assault her. He ended up stabbing her 30 times with a sharp instrument, apparently an orchard knife. The woman was approximately 7 months pregnant at the time and the baby was stillborn as a result of maternal shock from the stabbing. Also present in the home were two young children, one of which was a 7 year old boy that witnessed the incident. He was slashed when he attempted to come to the aid of his mother. File review would note that since October of 1959 Mr. Reece has been almost totally confined, with the exception of two to three months in the early 1970's when he made the described attack.

(Dkt. # 17, Exhibit 9).

In 1987 the ISRB set the minimum sentence of the prior assault conviction, cause number 33581 at 85 months and 25 days. The next assault conviction, cause number 3337, was set consecutive at 240 months with the manslaughter conviction consecutive to all others at 240 months. In making this decision, the ISRB stated:

> In redeterming (sic) and reviewing this case due to the heinous nature of the crimes that he is currently serving time and we have just set time for, we would incorporate the Fourth Amendment information on Cause #3337 from the prosecuting attorney, the recommendations of the sentencing judge and the prosecuting attorney and the commitment behavior itself.
>
> It is this Board member's opinion and I publicly state that this man should never be released from prison for the following reasons: given the serious nature of

REPORT AND
RECOMMENDATION - 2

crimes that he was paroled from to include rape, robbery, burglary 1st and three months after being paroled to have committed the heinous crimes that we are considering today, society needs to be protected from people like that and this is this member's subjective opinion that that's the purpose that prisons were built.

(Dkt. # 17, Exhibit 5).

In June of 1988 the ISRB reconsidered the sentence structure in light of the Washington State Supreme Court decision in <u>In re Irwin</u>, 110 Wn.2d 175, 751 P.2d 289 (1988). The ISRB then changed the cause number 3337 sentence so that count I assault and count IV manslaughter ran concurrently (Dkt. # 17, Exhibit 6). In September of 1988 the ISRB added ten years to the minimum term on this cause number (Dkt. # 17, Exhibit 7). In doing so the ISRB stated:

> Reasons: Mr. Reece is currently incarcerated from a 1970 conviction for 1st degree assault and manslaughter. The 1st degree assault involved the stabbing assault on a pregnant woman resulting in the loss of the foetus (sic) which is the manslaughter. Unintoxicated, Mr. Reece forced his way into this woman's home who's husband had been a sponsor for him when he left the institution, struggled with her, stabbed her 10-30 times, resulting in the loss of her unborn child. This assault was witnessed by two of her minor sons in the home. Mr. Reece can give no explanation for his behavior, he notes that it was not a sexual assault and there is no indication that it was a sexual assault, he also notes that he was not intoxicated at the time and there is no indication that he was intoxicated at the time. He has absolutely no insight into what could have precipitated this assault. When he committed this assault and the resulting manslaughter, he had been out on parole for approximately 2 months off a prior conviction for rape in the 1st degree, robbery in the 1st degree, burglary in the 1st degree, unlawful taking of a motor vehicle. Previous to that he has a 1953 Illinois conviction for indecent liberties. We are seeing Mr. Reece today pursuant to the application of sentence structure changes precipitated by In re Irwin because the 1st degree assault and the manslaughter are the same criminal conduct. The charges now run concurrent rather than consecutive resulting in a 14 year reduction in the minimum term. That does not, however, as we explained to Mr. Reece, remove from the Board the obligation under statute to find him parolable and a fit subject to be at large before we release him back into the community. It is this panel's perception that perhaps, although Mr. Reece has spent now 14 years on these charges, that he may never be rehabilitated and a fit subject to be released into the community. We refer to and incorporate the 1400 dictation dated 7/8/87 in which the presiding board member at the panel went on record as saying that this is the type of person who probably should never be released from the confines of an incarceration institution. This panel is unable to find this man parolable, given the fact that he has an extensive violent history of repetitive types of behavior. This last event,

REPORT AND
RECOMMENDATION - 3

albeit 18 years ago, resulted in a loss of life. Mr. Reece again shows no insight. He did indicate to the panel that he is sorry that it occurred. He doesn't understand why it occurred, he is well aware of the destruction he wreaked, and is genuinely sorry for that. He does have beginning resources in the community and, to his credit, his D.O.C. behavior and programming have been excellent. He has no infractions, the Department of Corrections made no recommendation. Mr. Reece is 52 years old at this point and believes that he has learned his lesson, paid his dues, and is ready to try to resume his life in the community. This panel is of the opinion, based on a review of the file and an inperson discussion with Mr. Reece, that we are totally unable to find him parolable or to consider parole in the near future. Any decision made by this panel is reviewable by the full board. The Department of Corrections may, at any time, request that we again review parolability. Once again, it is this panel's determination that this is one of those cases in which the full resources of the state are required to incapacitate this person for the rest of his natural life.

(Dkt. # 17, Exhibit 7 at page 1-2).

In 1994 the ISRB added another ten years to the minimum term (Dkt. # 17, Exhibit 8). The ISRB again relied on the nature of the crimes and lack of rehabilitation. In June of 2001 another ten years was added to the minimum sentence. The ISRB stated:

Mr. Reece was last seen by the Board in April of 1994. Shortly after that hearing he transferred, at his request, to the state of Illinois and has been residing in that state since that time. He has incurred no infractions since 1991 and has been programming in the education department. Apparently there are self help crime related programs available, as well as sex offender treatment, but there is no indication that he has signed up for or attempted to enter either of those programs.

As with previous Board dictations, when the Board had conversations with Mr. Reece today and attempted to determine his understanding of the motivations behind the underlying crimes Mr. Reece was not able to offer any explanation. He said at one point that he did not remember very much about the crime because it occurred 31 years ago, but when pressed further said he has no idea why he stabbed this woman. This contrasts with his ready recall of detailed privations he claims to have suffered as a child.

There is a lengthy psychological from Iris Rucker dated May of 2001. Different risk assessments rate him between a moderate and a high risk for re-offense. He is overall rated a moderately high risk to recidivate. There is a recommendation from Dr. Rucker that he complete various treatment programs before any release to the community.

REPORT AND
RECOMMENDATION - 4

> The Board in adding 120 months is doing so in light of Mr. Reece's extraordinarily violent and extensive criminal and sexually violent history. His first documented crime of conviction is in the early 1950's for Indecent Liberties. He was out for a couple of years before the next block of offenses, the rape, robbery, burglary and auto theft charges occurred. Maxing on the most current incident was a Manslaughter charge for the death of the fetus. Mr. Reece has no idea why he reacted so violently and committed this unprovoked attack upon the spouse of an individual that was attempting to help him in his transition in the community. For the protection of society alone, the Board believes Mr. Reece should be incapacitated for as long as possible. His primary response to the crime was that he had "served enough time."

(Dkt. # 17, Exhibit 9).

In 2007, the ISRB again saw petitioner and added another 36 months to the minimum term. The stated reasons were:

> The Board last saw Mr. Reece in June of 2001. The Board at that time found him not parolable and added 120 months to his minimum term. In that hearing, as with previous hearings, the Board has been concerned by his lack of understanding of any of the motivations behind the underlying convictions. Since the Board last saw him, Mr. Reece indicates that he completed intensive group therapy for three years at WCC, from approximately 2003 to 2006. We were not able to find any written documentation of this therapy, but Dr. Mendelsohn's psychological does refer to this group therapy. Mr. Reece told the panel that he has gained a great deal of understanding of his underlying motivations, and that he was physically abused by his step-father and was not protected by his mother, and that caused him to have a great deal of rage towards people that attempted to do him favors. Mr. Reece indicates that now that he has gained an understanding of his underlying motivation, that he would be able to control himself in the community.
>
> The Board remains concerned by the level of sexual deviancy with past convictions, and the appearance of sexual deviancy attached to the underlying conviction. Mr. Reece maintains that rape or sexual assault was not part of the motivations for current conviction. However, file materials leave the Board with this remaining concern.
>
> There is a current psychological from Dr. Mendelsohn from May of 2007. Overall, Dr. Mendelsohn rates Mr. Reece a moderate high to high risk for re-offense and recommends against parole.
>
> Mr. Reece is currently 71 years old. The Board does believe that he could benefit from sexual deviancy therapy while at SOTP. Mr. Reece indicates that no one has ever talked to him about SOTP, and he would be willing to enter into that program. Mr. Reece was cautioned that completion of SOTP is not a guarantee of

REPORT AND
RECOMMENDATION - 5

>release, but the Board certainly believes that it could benefit him and would
>highly encourage him to enter into and complete that program.

(Dkt. # 17, Exhibit 10).

Petitioner filed a Personal Restraint Petition with the Washington State Supreme Court in February of 2008 (Dkt. # 17 Exhibit 11). The petition was briefed by the parties and then transferred to the Washington State Court of Appeals (Dkt. # 17, Exhibits 12 to 14). The petition raised the following ground for relief:

> THE INDETERMINATE SENTENCE REVIEW BOARD (BOARD) VIOLATED PETITONER'S DUE PROCESS AND EQUAL PROTECTION CONSTITUIONAL RIGHTS UNDER THE UNITED STATES AND WASHINGTON STATE CONSTITION WHEN THE BOARD AUGMENTED PETITONER'S DURATION OF CONFINEMENT BY AN ADDITIONAL 36 MONTHS WITHOUT PROVIDING ADEQUATE WRITTEN REASONS AS REQUIRED BY RCW 9.95.009 (2)

(Dkt. # 17 Exhibit 11, page 4). On November 8, 2008, an Order dismissing the petition was entered (Dkt. # 17, Exhibit 15). The Washington State Court of Appeals reviewed the ISRB decision for abuse of discretion, but did not address the constitutional arguments. The decision relies wholly on state law.

Petitioner filed a motion for discretionary review in December of 2008 (Dkt. # 17, Exhibit 16). He raised the following grounds for review:

> 1. DID THE DIVISION TWO COURT OF APPEALS ERR IN HOLDING THAT THE INDETERMINATE SENTENCE REVIEW BOARD (BOARD) DID NOT ABUSE ITS DISCRETION WHEN IT AUGMENTED PETITIONER'S SENTENCE BY AN ADDITIONAL 36 MONTHS?
>
> 2. DID THE DIVISION TWO COURT OF APPEALS ERR IN HOLDING THAT THE BOARD DID NOT ABUSE ITS DISCRETION IN EMPLOYING "REASONS" WHICH DID NOT COME FROM THE CURRENT OFFENSE TO AUGMENT PETITIONER'S SENTENCE BY AN ADDITIONAL 36 MONTHS?

(Dkt. # 17, Exhibit 16, page 1). In the argument section of the brief, petitioner argued his Federal Constitutional Rights under the Fifth and Fourteenth Amendment were violated when the ISRB added 36 months to his minimum term and he alleges the decision was not supported by adequate written reasons. He contends the reasons must come from the crime itself (Dkt. # 17, Exhibit 16, page 2). The motion was denied February 27, 2009 (Dkt. # 17, Exhibit 19). The Washington State Supreme Court relied wholly on state law in making its ruling and did not address the Federal Constitutional grounds separately. Petitioner filed a motion to modify the court's ruling, and that motion was denied June 2, 2009 (Dkt # 17, Exhibits 20 to 23).

This Habeas Corpus petition was filed two months later (Dkt. # 1). Petitioner raised one ground for review:

> THE INDETERMINATE SENTENCE REVIEW BOARD VIOLATED PETITIONER'S DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE 5th AND 14th.

(Dkt. # 5, page 5).

## EVIDENTIARY HEARING NOT REQUIRED

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

REPORT AND
RECOMMENDATION - 7

Petitioner's claims rely on established rules of constitutional law.  Further, there are no factual issues that could not have been previously discovered by due diligence.  Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime.  Therefore, this court concludes that an evidentiary hearing is not necessary to decide this case.

## **STANDARD OF REVIEW**

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.  Engle v. Isaac, 456 U.S. 107 (1983).  Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States."  28 U.S.C. § 2254(a)(1995).  The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law.  Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. §2254(d).  Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

**DISCUSSION**

Because the ISRB carefully reviewed Petitioner's case and offered specific grounds for its decision to deny parole, Petitioner's constitutional right to due process has not been violated.

This court recognizes that neither the Washington State Court of Appeals nor the Washington State Supreme Court specifically addressed the Federal Constitutional issues raised by petitioner in their rulings (Dkt. # 17, Exhibits 15 and 19). The rulings from those two courts are based entirely on state law. The state courts did not address the federal claim because the answer to the petition is strictly a matter of the state's interpretation of its own sentencing structure and the statutes governing the ISRB.

28 U.S.C. § 2254 (d) mandates a deferential standard to claims "adjudicated on the merits." Here, the Federal Claim was not addressed on the merits. This does not mean, however, that petitioner is automatically entitled to a writ. Instead, when this situation arises, the court reviews the claim de novo – as if for the first time. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). Therefore, this court will evaluate Petitioner's Federal Constitutional rights to determine if there has been any violation of his right to due process.

Both the Fifth and Fourteenth Amendments to the United States Constitution provide that no person may be deprived of life, liberty or property without due process of law. Here, petitioner challenges the 2007 ISRB decision which added 36 months to the minimum term on a life sentence. Petitioner argues the ISRB did not provide adequate written reasons for its decision (Dkt. # 5, page 5) and that, therefore, his right to due process has been denied.

Contrary to petitioner's contentions, however, the ISRB explained that it was concerned with the level of danger that would be presented by petitioner's parole. The ISRB stated:

> The Board remains concerned by the level of sexual deviancy with past convictions, and the appearance of sexual deviancy attached to the underlying

REPORT AND
RECOMMENDATION - 9

> conviction. Mr. Reece maintains that rape or sexual assault was not part of the motivations for current conviction. However, file materials leave the Board with this remaining concern.
>
> There is a current psychological from Dr. Mendelsohn from May of 2007. Overall, Dr. Mendelsohn rates Mr. Reece a moderate high to high risk for re-offense and recommends against parole.
>
> Mr. Reece is currently 71 years old. The Board does believe that he could benefit from sexual deviancy therapy while at SOTP. Mr. Reece indicates that no one has ever talked to him about SOTP, and he would be willing to enter into that program. Mr. Reece was cautioned that completion of SOTP is not a guarantee of release, but the Board certainly believes that it could benefit him and would highly encourage him to enter into and complete that program.

(Dkt. # 17, Exhibit 10).

While Petitioner may not agree with the ISRB's reasoning, it appears that the ISRB did consider his arguments and rejected them. It is not the role of this court to reconsider that determination, but rather to insure that the ISRB gave Petitioner a fair hearing. This court concludes that it did.

Petitioner fails to show the ISRB decision to add 36 additional months to his minimum term on a life sentence violated any Federal Constitutional Right guaranteed to him. His argument as to what the ISRB can consider in reaching its decision relates wholly to state law. Federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984). Accordingly, the Court recommends this petition be DENIED.

## **CONCLUSION**

This petition is without merit. This petition should be DENIED. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.

REPORT AND
RECOMMENDATION - 10

Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on January 8, 2010, as noted in the caption.

      Dated this 10th day of December, 2009.

                                          J. Richard Creatura
                                          United States Magistrate Judge

REPORT AND
RECOMMENDATION - 11