# United States District Court

WESTERN DISTRICT OF WASHINGTON

JOHN REECE

JUDGMENT IN A CIVIL CASE

v.

MAGGIE MILLER-STOUT

CASE NUMBER: C09-5520RJB/JRC

___ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_XX_ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

THE COURT HAS ORDERED THAT

(1) The magistrate judge recommended that the court deny the petition for writ of habeas corpus. The court concurs with that recommendations, for the reasons set forth in the Report and Recommendations, and **ADOPTS** the Report and Recommendation (Dkt. 18), with the addition of the following analysis:

(2) The federal constitutional claims petitioner raises in this petition for writ of habeas corpus were not addressed by the state courts in their rulings. In such a circumstance, the Ninth Circuit has set forth the following standard of review for the federal court in habeas corpus cases:

> We have relaxed AEDPA's strict standard of review when the state court reaches a decision on the merits but provides no reasoning to support its conclusion. Under such circumstances, we independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000 ("Federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law."); *see also, e.g. Greene v. Lambert*, 288 F.3d 1081, 1089 9th Cir.2002). That is, although we independently review the record, we still defer to the state court's ultimate conclusion.

*Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir.2002).

In this case, the magistrate judge independently reviewed the record and concluded that, even on *de novo* review of the record, petitioner's constitutional rights were not violated. This court concludes, based upon an independent review of the record, and application of controlling federal law, that the state court did not clearly err in its application of controlling federal law. Accordingly, the state courts' denial of petitioner's personal restraint petition did not result in a decision that was contrary to, or involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; nor did the decisions of the state courts result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See* 28 U.S.C. § 2254(d).

(3)    The petition for writ of habeas corpus is **DENIED**.

      January 13, 2010                             BRUCE RIFKIN
                                                           Clerk

                                                      *s/Mary Trent*
                                                      Deputy Clerk